# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1795V
UNPUBLISHED

| | |
|---|---|
| AMANDA DECOOK,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Heather Varney Menezes*, Shaheen & Gordon, PA, Manchester, MA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

  On December 8, 2020, Amanda DeCook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her October 16, 2019 influenza ("flu") vaccination. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition at ¶¶ 2-3, 19-20 . The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 8, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report Recommending Entitlement and Proffer of Damages at 1. Specifically, Respondent indicates that he has

> has reviewed the petition and medical records filed in this case, and respondent has concluded that compensation is appropriate in this case. DICP concluded that petitioner's left shoulder injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder that would explain her post-vaccination symptoms; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.

*Id.* at 6 (citing 42 C.F.R. § 100.3(a), (c)(10)) (footnote omitted). Respondent further agrees that "based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months." *Id.* (citing §§ 11(c)(1)(D)(i), 13(a)(1)(B)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master